UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SHENITA AVERY                                                                                               Plaintiff

v.                                                                                 Civil Action No. 3:24-cv-283-RGJ

TYLER THOMPSON, *et al.*                                                                          Defendants

\* \* \* \* \*

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Shenita Avery's *pro se*, *in forma pauperis* Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss this action.

### I.

On May 9, 2024, Plaintiff initiated this *pro se* 42 U.S.C. § 1983 civil-rights action. [DE 1]. Plaintiff sues Defendants Tyler Thompson, Liz J. Shepherd, and Jack Tolliver for legal malpractice alleging fraud and perjury with respect to their representation of Plaintiff in a medical practice case. Plaintiff states that the basis for federal court jurisdiction is federal question. [*Id.* at 8]. Where the complaint form requests the filer to list the specific federal statutes or constitutional provisions at issue in this case, Plaintiff fails to respond. As relief, Plaintiff seek an award of money damages in the amount of $ 2.3 million. [*Id.* at 7].

### II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548–49 (6th Cir. 2006).  The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case.

*Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met her burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys.*, 287 F.3d 568, 573 (6th Cir. 2002). Put another way, "a case arises under [federal-question jurisdiction] when it is apparent from the face of the plaintiff's complaint . . . that the plaintiff's cause of action was created by federal law." *Id.*; *see also Gunn v. Minton*, 568 U.S. 251, 257, (2013) ("A case arises under federal law when federal law creates the cause of action asserted."). Therefore, the complaint must show on its face that the cause of action is created by federal law. Plaintiff has not alleged a violation of federal statutory or constitutional rights by Defendants, and the Court cannot discern any from the facts alleged. Instead, Plaintiff asserts a state-law claim for legal malpractice.

Additionally, Plaintiff fails to establish diversity jurisdiction. For a federal court to have diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity—which means that plaintiff must be a citizen of a different state than each defendant—and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiff fails to establish diversity jurisdiction as there is not complete diversity of citizenship since she and Defendants are all citizens of Kentucky. *See* 28 U.S.C. § 1332.

## IV.

Accordingly, Plaintiff has failed to establish that the Court has subject matter jurisdiction over this action, and the Court will dismiss this action by separate Order.

Date: September 6, 2024

*[Signature]*
Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
A961.014